Indian claims; Indian Claims Commission; appellate review by Court of Claims; findings of Commission; substantial evidence; valuation of Indian lands. — On February 25,1972 the court issued the following order in this case:
This case comes before the court on appeal from the Indian Claims Commission. After considering the briefs and record and hearing oral argument of counsel, the court has concluded that it is unable, on the present opinion and findings of the Indian Claims Commission to determine if the Commission’s ultimate conclusions as to the valuation of the Ponca reservation in Nebraska are adequately supported by substantial evidence and untainted by legal error. Consequently, we find it neces *1066 sary to remand the case to tbe Commission. Our reasons for taking this action are similar to those which are set forth at length in our per curiam opinion of February 18, 1972, in Appeal No. 1-71, Seminole Indians of the State of Florida, et al. v. United States [ante, at 350, 455 F. 2d 589], and that opinion is hereby made a part of this order for a more complete statement of what we consider necessary in the way of more specific findings and reasoning.
In its decision of December 30,1970, the Commission determined that the appellees are entitled to receive the fair market value of the land plus interest at the rate of 5 percent from the date of taking. The appellant has challenged the rate of interest allowed on the ground that there was no evidence before the Commission justifying such a rate. As in the case of the land valuation, we are unable to determine whether the Commission’s conclusion as to the rate of interest is adequately supported by substantial evidence and have concluded that the case should be remanded in order that the Commission may supply more specific findings and reasoning on this issue. In this connection we do not hold that the Commission is restricted to fixing the rate of interest at 4 percent, the rate this court has allowed in some cases. As a nisi prius tribunal, the Commission has the authority to fix the rate by which just compensation is measured on the basis of the evidence and other material submitted to it on the question.
On remand, the Commission may supply the more specific findings and reasoning required by this order, or in its discretion, it may open the record for further evidence.
IT IS THEREFORE ORDERED, that this case be and is hereby remanded to the Indian Claims Commission for further proceedings in conformity with this order, to supply more specific findings and reasoning as to the valuation of the land involved and the rate of interest to be allowed as a part of just compensation.
In this appeal, the appellant seeks reversal of our *1067 holding in Ponca Tribe of Indians of Oklahoma, et al. v. United States, 183 Ct. CL 673 (1968), as well as the determination thereafter made by the Indian Claims Commission, that the United States is entitled to set off as a payment on the claim, the sum of $48,389.46, the amount which the United States paid to the Cherokee Nation on June 14, 1883 for the land acquired for the use and benefit of the appellees. líe ver sal is urged on the ground that in Cherokee Nation v. United States, 22 Ind. Cl. Comm. 417 (1970), the Commission found that the land conveyed to the appellees had a value of $3.25 per acre, a sum considerably in excess of the amount the United States paid the Cherokee Nation for the land. Upon consideration of the appellant’s contention on this aspect of the appeal, we find that our decision, which allowed the amount paid for the land as a credit on the claim, is in accord with previous decisions of this court; that the damages which the appellant may ultimately be required to pay the Cherokees will not benefit the appellees and should not constitute a payment on their claim; that the appellees have never been made parties to the Cherokee litigation and therefore are not bound by the decisions affecting the Cherokees; that the claim of appellees and the claim of the Cherokees have been pending in the Indian Claims Commission since 1951; that the appellant has known since 1968 of our decision to the effect that the credit should be measured by the amount paid for the land at the time it was purchased, and that appellant has never sought consolidation of the Cherokee case with this case. Therefore, we conclude that the appeal in this respect should be denied. Accordingly,
IT IS OKDEKED that the previous decision of this court and the determination of the Indian Claims Commission with respect to the payment on the claim of appellees are hereby affirmed.
BY THE COURT
(Sgd) WlLSON CoWEN
Chief Judge
*1068 On May 12, 1972 the court denied appellant’s motion for rehearing respecting that part of the foregoing order affirming the court’s previous decision concerning the amount of credit to which the United States is entitled as a “payment on the claim” in this case.